**FLEISCHMANN PLLC**
150 Broadway, Suite 900
New York, New York 10038

Telephone: (646) 657-9623
Facsimile: (646) 351-0694

---

February 2, 2023

<u>VIA ECF</u>
Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *DarkPulse Inc. et. al. v. Crown Bridge Partners, LLC et. al.*, 1:22-cv-08163

Dear Judge Marrero:

      We represent Defendants Crown Bridge Partners, LLC ("Crown Bridge"), Soheil Ahdoot ("Soheil"), and Sepas Ahdoot ("Sepas", together with Soheil and Crown Bridge, "Defendants"). We write in opposition to plaintiff's request to amend the complaint, dated February 2, 2023. To the extent that the Court permits any amendment, we respectfully request that the Court condition the filing of any proposed amended complaint upon Plaintiffs paying Defendants costs and attorneys fees in filing the previous motion to dismiss in light of Plaintiffs' failure to follow the Court's Individual Practices.

      The request to amend is unaccompanied by any proposed amended complaint, which is itself a basis to deny the motion. "Usually, a movant's failure to submit a proposed amended complaint constitutes sufficient grounds to deny a motion to amend*." Christian v. Town of Riga*, 649 F. Supp. 2d 84, 100 (W.D.N.Y. 2009); *Zito v. Leasecomm* Corp., No. 02-cv-8072, 2004 U.S. Dist. LEXIS 19778, 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004) ("In order to meet the requirements of particularity in a motion to amend, 'a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought.'") (*quoting Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). Here, no proposed amended complaint was filed, making it impossible for the Court or Defendants to determine the exact changes sought and for Defendants to argue that such changes may be futile.[1]

      To the extent that the Court is inclined to consider an amendment event absent a proposed amended complaint, Plaintiffs should be required to pay Defendants attorney's fees in connection with the previous motion to dismiss as a condition for doing so. The Court's Individual Practices are very straightforward with respect to amendments. Following receipt of a pre-motion letter, the

---

[1] Plaintiffs counsel provided a draft amended complaint to me last week, but elected not to file that draft or any other proposed amended complaint together with its letter motion for leave to amend the complaint. It is therefore unclear if Plaintiffs are seeking a blanket license to amend or wish to proceed on the draft provided to me. Either way, it prevents Defendants from arguing futility.

Court will liberally grant leave to amend and directs that the opposing party specifically respond to the pre-motion letter and set forth any proposed amendments.  Although Defendants served a premotion letter on November 8, 2022 (ECF No. 15), Plaintiffs elected not to amend their complaint and did not propose any amendments. Instead, Plaintiffs submitted a letter in opposition to the motion to dismiss.  (ECF No. 18).

      Following receipt of the parties' submissions, the Court issued an Order deeming the pre-motion conference unnecessary and directing the parties to confer and indicate whether they would agree to proceed on the letters or whether they wanted additional briefing. (ECF No. 21). Plaintiffs refused to proceed on the letters, but instead, requested formal briefing. As a result, Defendants filed a formal motion and brief.  (ECF No.23).  Now that Defendants have incurred the substantial expense of formally briefing a motion to dismiss, Plaintiffs now seek leave to amend. Notably, after Plaintiffs' counsel requested Defendants consent to the amendment, I asked Plaintiffs' counsel whether Plaintiffs would agree to pay the attorney's fees incurred in connection with the previous motion as a condition to our consent in light of the above, but I did not receive any response.  Instead, three days later, Plaintiffs filed this letter.  Accordingly, we respectfully request that the Court condition the filing of any proposed amended complaint upon Plaintiffs paying Defendants attorney's fees in connection with filing the previous motion to dismiss.

      We thank the Court for its consideration.

                        Respectfully Submitted,

                                    /s/ Jeffrey Fleischmann

cc: All counsel and the Court (by ECF)