UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DarkPulse, Inc. et al.,

        Plaintiffs,

- against -

Crown Bridge Partners LLC, et al.,

        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/2023

22-CV-8163 (VM)

**ORDER**

**VICTOR MARRERO**, United States District Judge.

The Court is in receipt of Defendant Sepas Ahdoot, Soheil Ahdoot, and Crown Bridge Partners LLC's (collectively, "Defendants") Rule 54(d) motion for Attorney Fees (see "Motion," Dkt. No. 38; Declaration of Jeffrey Fleischmann in Support of Motion, "Fleischmann Declaration," Dkt. No. 39; Memorandum of Law in Support of Motion, "Memorandum," Dkt. No. 40), Plaintiffs' untimely response (see "Response," Dkt. No. 43), and the ensuing letter exchange (see "Defendants' Letter," Dkt. No. 44; "Plaintiffs' Letter," Dkt. No. 45).[1]

Given the substantive arguments raised in Defendants' Letter and Plaintiffs' Letter, the Court considers the Motion

---

[1] For clarity of the record, Plaintiffs' opposition to the Motion was due on October 27, 2023, and Plaintiffs did not file the Response until six days later, on November 2, 2023. Plaintiff contends its delay was the result of a poorly timed change in counsel. Nonetheless, the Court will accept and consider Plaintiffs' Response and Plaintiffs' Letter (which, in effect, is a sur-reply).

1

to be fully submitted and will not consider further submissions by the parties. As explained further below, the Court **GRANTS** the Motion.

For the reasons stated in the Memorandum and the Fleischmann Declaration, the Court is persuaded that the language of each of the notes governing this dispute dictate that the prevailing party shall be awarded reasonable attorney fees. (See Memorandum at 2-3; see also DarkPulse Note, Dkt. No. 1-1, § 4.6; July 23 Social Life Note, Dkt. No. 1-2, § 4.6; August 19 Social Life Note, Dkt. No. 1-3, § 4.6; Redhawk Note, Dkt. No. 1-4, § 4.6.) Barring action from the Court of Appeals, Defendants have prevailed. (See Order Granting Defendants' Motion to Dismiss, Dkt. No. 36.)

The Court further finds that the fees sought in Defendants' Rule 54(d) Motion are reasonable given counsel's experience, the complexity of the complaint, the amount of time billed, and the rates charged for that time. (See Memorandum at 2-3; Fleischmann Declaration at 2.) The Response does not dispute that the prevailing party in this action is entitled to reasonable attorney fees or that the fees Defendants seek are unreasonable. (See Response at 2; see also Plaintiffs' Letter.)

The Court does not credit Plaintiffs' argument that it would be improper or imprudent to consider Defendants' Rule

2

54(d) Motion while there is an appeal pending in this case. The Court is satisfied that it has jurisdiction to decide the present Motion (see Fed. R. Civ. P. 54(d) (expressly permitting such motions in the District Court pending appeal)). Further, it is within this Court's discretion to rule on the claim for fees, defer its ruling, or deny the motion with prejudice pending appeal. See Tancredi v. Met. Life Ins. Co., 378 F.3d 200, 225-26 (2d Cir. 2004). There is no reason for delay. The Motion is fully submitted. Deferring the Court's decision would prejudice Defendants by delaying relief. Further, revisiting this issue in the future would invite the possibility of duplicative briefing.

For the reasons explained, it is hereby:

**ORDERED** that Sepas Ahdoot, Soheil Ahdoot, and Crown Bridge Partners LLC's (collectively, "Defendants") Rule 54(d) Motion for Attorney Fees (Dkt. No. 38) is **GRANTED** for fees in the amount of $32,438.85, plus post-judgment interest calculated from the date the Clerk of Court enters judgment.

The Clerk of Court is respectfully directed to close this case and enter judgment pursuant to Dkt. No. 36.

**SO ORDERED.**

Dated:     7 November 2023
           New York, New York

_____
Victor Marrero
U.S.D.J.